IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:09CR436–HEH
) Civil No. 3:14CV658–HEH
SHAMAR ARCHER, )
)
Petitioner. )

## MEMORANDUM OPINION
(Granting Petitioner's Motion to Vacate, Set Aside, or
Correct Sentence Pursuant to 28 U.S.C. § 2255)

Petitioner Shamar Archer ("Archer")[1] entered a plea of guilty on March 26, 2010 to a two-count Criminal Information. Count One charged Archer with Possession with Intent to Distribute a Detectable Amount of Cocaine, in violation of 21 U.S.C. § 841; Count Two charged Archer with Possession of Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). On June 25, 2010, he was sentenced to 37 months of imprisonment on each count, to run concurrently, followed by five years of supervised release.

The case is presently before the Court on Archer's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 28), which was timely filed. Archer's claims focus on the integrity of the search warrant affidavit enabling a Richmond City police detective to obtain authority to search his residence.

---

[1] Archer was released from the Bureau of Prisons on October 31, 2012, and is currently on supervised release.

As the United States Court of Appeals for the Fourth Circuit restated in *United States v. Fisher*,

> to set aside a plea as involuntary, a defendant who was fully aware of the direct consequences of the plea must show that (1) "some egregiously impermissible conduct (say, threats, blatant misrepresentations, or untoward blandishments by government agents) antedated the entry of his plea" and (2) "the misconduct influenced his decision to plead guilty, or put another way, that it was material to that choice."

711 F.3d 460, 465 (4th Cir. 2013) (quoting *Ferrara v. United States*, 456 F.3d 278, 290 (1st Cir. 2006)); *see also Brady v. United States*, 397 U.S. 742, 755 (1970).

Archer's § 2255 motion, which seeks to set aside the judgment and allow him to withdraw his guilty plea, is predicated on information provided by the United States revealing material discrepancies in the affidavit supporting the search warrant in his case. Archer's conviction is based on controlled substances, a digital scale, packaging materials, and ammunition seized during the execution of that search warrant. He contends that certain material representations in the affidavit essential to a finding of probable cause were false. He further maintains that but for the evidence seized on the basis of the materially false affidavit, he would not have pleaded guilty and would have insisted on going to trial in his case.

The United States, after conducting a thorough investigation, offers no objection to the relief sought by Archer. The government concedes that there is a high probability that critical information contained in the search warrant affidavit is false and that it is

material to a finding of probable cause.[2] The government therefore joins in Archer's motion to withdraw his guilty plea in this case.

As Chief Justice Rehnquist noted in *Brecht v. Abrahamson*, "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness." 507 U.S. 619, 633 (1993) (internal quotation marks omitted). This appears to be such a case.

This Court will therefore grant Archer's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Archer's plea of guilty and sentence will be vacated. The United States is directed to advise this Court within fourteen days as to whether it wishes to pursue further prosecution of this matter.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 1, 2015
Richmond, VA

---

[2] The government acknowledges that there is reason to doubt the veracity of the description of the informant in the affidavit and the credibility of the affiant.

3